The Honorable Daniel Thimesch State Representative, 93rd District 30121 W. 63rd South Cheney, Kansas 67025
Dear Representative Thimesch:
As representative of the 93rd district and on behalf of a constituent you inquire about the relationship between K.S.A.66-129, dealing with the authority of the Kansas corporation commission (KCC) to audit the accounting of certain public utilities, and K.S.A. 66-129a, authorizing the audit of public utilities that engage in private enterprise. Specifically, you ask whether the KCC must exercise its authority to examine and audit a regulated utility's accounts to verify the maintenance of the separate accounting system and proper cost allocation pursuant to K.S.A. 66-129a, subsection (d), limiting the audits to one every two years, or whether the KCC may audit these records at any time as provided by K.S.A. 66-129.
You indicate that pursuant to K.S.A. 66-129a certain regulated utilities have entered into the private enterprise of servicing any gas or electric household appliance under a contract providing for maintenance or repair of such appliance for a period of time specified by the contract. The statute requires the utility to keep a separate accounting of all the costs related to such enterprise in order to ensure that these costs are not included in any rate, joint rate, toll or charge to the ratepayer for any utility service of the gas or electric public utility. K.S.A.66-129a(b). Relative to how often or when the KCC is authorized to conduct such examinations the statute states:
 "(c) Subject to the provisions of subsection (d), the commission may at any time examine and audit the books, accounts, papers, records and memoranda kept by a gas or electric public utility in order to determine compliance with the provisions of subsection (b).
 "(d) No audit shall be conducted pursuant to this section more often than every two years, but nothing in this subsection shall be construed to limit the authority of the commission pursuant to other statute to examine and audit, for any purpose, the books, accounts, papers, records and memoranda kept by a public utility." K.S.A. 66-129a.
Subsection (c) authorizes the KCC to examine records at any time, but this authority is limited by subsection (d), restricting the examination or audit to not more often than once every two years. Subsection (d), however, also stresses that K.S.A. 66-129a is not to be construed to limit the KCC's authority to examine records for any purpose pursuant to another statute. When a statute is clear on its face, the court reviewing the statute must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindalev. Robert T. Tenny, M.D., P.A., 250 Kan. 621, 626 (1992). K.S.A.66-129a thus cannot be interpreted as limiting another statute authorizing KCC action.
At issue is whether the other statute in question, K.S.A. 66-129, authorizes the KCC to audit at any time a public utility engaging in private enterprise. K.S.A. 66-129 states:
 "The commission shall have authority to examine and audit all accounts, and all items shall be allocated to the accounts prescribed by the commission. The agents, accountants or examiners employed by the commission shall have authority under the direction of the commission to inspect and examine any and all books, accounts, papers, records, property and memoranda kept by such public utilities and common carriers. The accounts shall be closed annually on the 30th day of June, and a balance sheet of that date promptly taken therefrom."
Unlike K.S.A. 66-129a, K.S.A. 66-129 has been been interpreted by the Kansas Supreme Court. In State, ex rel. v. Railway Co.,115 Kan. 3 (1924), filed as an original proceeding in mandamus, the KCC sought to compel the defendant to permit it and its agents, accountants and examiners to inspect and examine the books, accounts, papers, records, property and memoranda concerning repairing, rebuilding and making additions and betterments to locomotives, passenger and freight cars used by defendant as a public utility and common carrier. The court found that the statute did not require any complaint be pending with the KCC for it to have the power to examine the accounts of a public utility because K.S.A. 66-129 is not dependent on any other provision of the public utilities law and merely aids the KCC in the performance of the duties imposed on it by law. Railway Co.,115 Kan at 5.
The statutes create no ambiguity; the "no more than every two years" restriction found in K.S.A. 66-129a is not to be interpreted as limiting the KCC's authority to examine records pursuant to another statute, such as K.S.A. 66-129. Even though K.S.A. 66-129 authorizes the examination of any records related to a public utility's regulated activities, "cost subsidization" may also be addressed in this context. A rate proceeding may involve the audit of records related to both the public utility's regulated activities and the utility's nonregulated activities because all cost allocations are reviewed to make sure the ratepayer is charged a reasonable rate. Because cost subsidization may be at issue in a rate proceeding, it is helpful to explain the rate proceeding context.
The KCC has broad power pursuant to K.S.A. 66-101b to require that a public utility charge the ratepayer a reasonable rate for the regulated services provided by the utility. The KCC conducts rate proceedings which are hearings to determine that a public utility's rates, joint rates, tolls, charges, exactions, classifications or schedules of rates are just and reasonable. K.S.A. 66-101d. Accordingly these statutes provide the basis for authority to conduct rate case proceedings and examine books and records, that may include the examination of the records for cost subsidization. K.S.A. 66-129a authorizes the KCC to examine the records of a public utility engaged in private enterprise, but the KCC's authority is not limited by that statute when an audit is conducted to determine that the utility's rates are reasonable.
In conclusion, it is our opinion that the KCC has the authority to examine the books of a utility for any purpose related to the utilities' regulated rates and is thus not limited by K.S.A.66-129a when cost subsidization is relevant to whether the public utility's rates are reasonable. K.S.A. 66-129 and 66-129a are harmonious in that both authorize the examination of records to determine improper allocation of costs; the context of the examination determines how often the KCC is authorized to audit. Consequently, although the commission is authorized to audit a company's accounting for nonregulated services separate from a rate case audit, such an audit is subject to the limitations imposed by K.S.A. 66-129a, not more often than every two years.
Your second question is whether Kansas law allows utilities to recoup legal costs from the ratepayer. Assuming that the legal costs are those associated with a rate case hearing, the costs are considered by the KCC to be legitimate costs of regulated activities and are made a part of the "costs of doing business" formula used in determining what constitutes a reasonable rate.See generally K.S.A. 66-101d.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm